**Affirm and Opinion Filed May 13, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00247-CR

**FRANK ROBINSON JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 18-50042-422F**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

A jury convicted Frank Robinson Jr. of aggravated assault with a deadly weapon and sentenced him to sixty-five years' confinement. In a single issue, appellant argues the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment.

We review a challenge to the sufficiency of the evidence on a criminal offense for which the State has the burden of proof under the single sufficiency standard set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *See Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Under this standard, the relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2011). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Id*. Therefore, in analyzing legal sufficiency, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id*.

As applicable in this case, a person commits the offense of aggravated assault if he intentionally or knowingly threatens another with imminent bodily injury and uses or exhibits a deadly weapon during the commission of the assault. TEX. PENAL CODE §§ 22.01(a)(2), 22.02(a)(2). Here, the indictment alleged appellant intentionally and knowingly threatened the complainant with imminent bodily injury by discharging a firearm at a vehicle occupied by the complainant. Appellant argues there is no evidence he discharged the firearm.

The complainant, Teundria Brown, testified that on the night of the incident, she was in her car and stopped at a stop sign. When she looked up from her phone, she saw "Little Frank," who she identified as appellant in court. Appellant was yelling as he approached her car. When Brown saw appellant open his coat and reach for his gun, she accelerated quickly. As she did so, she heard appellant's gun firing and bullets hitting the back of her car. She believed there were five or six gunshots, and she feared she would be shot. Police found two bullet holes in the

–2–

back of the vehicle and one bullet inside the trunk, which traveled through the bumper.

Brown's testimony was sufficient to meet the State's burden to show appellant intentionally and knowingly threatened her with imminent bodily injury by discharging his firearm at the vehicle she occupied. While Brown did not testify she saw appellant discharge the firearm, a reasonable jury could have inferred appellant discharged the firearm based on her testimony. Viewing the evidence in the light most favorable to the verdict, we conclude any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

200247f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FRANK ROBINSON JR., Appellant

No. 05-20-00247-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 18-50042-422F.
Opinion delivered by Justice Nowell. Justices Osborne and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of May, 2021.